## Mitchell v. Commonwealth.

*(Decided December 18, 1925.)*

## Appeal from Knox Circuit Court.

1. Rape—Whether Carnal Knowledge of Female was with Her Consent Held for Jury.—In prosecution under Ky. Stats., section 1155, as amended by laws 1922, c. 17, for carnally knowing a female child over the age of 12 years, but under the age of 16 years, with her consent, whether the act was with or without the female's consent, held for jury.

2. Rape—Facts Held to Authorize Jury's Conclusion that Defendant and Prosecutrix were Not Husband and Wife.—In prosecution under Ky. Stats., section 1155, as amended by Laws 1922, c. 17, for carnally knowing a female child over the age of 12 years, but under 16 years of age, not defendant's wife, facts in evidence held to authorize jury to conclude defendant and prosecutrix were not husband and wife.

3. Criminal Law—Employment of Words "Willfully" and "Unlawfully" in Charge Held Not Against Interests of Defendant.—Though indictment under Ky. Stats., section 1155, as amended by Laws

1922, c. 17, in charging crime of carnally knowing a female over
the age of 12 years, but under the age of 16 years, need not charge
the act to have been willfully and unlawfully done, use of such
words in instruction held not against interests of defendant, but
rather to his advantage.

J. D. TUGGLE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K.
BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The indictment accused appellant, Mitchell, of the
crime of carnally knowing a female child over the age of
twelve years but under the age of sixteen years, not his
wife, without her consent, denounced by section 1155,
Kentucky Statutes, as amended in 1922. He was found
guilty and his punishment fixed at five years' confinement
in the penitentiary.

Section 1155, Kentucky Statutes, as amended, in part
reads:

"Every male person who shall carnally know,
*with her consent,* any female child, *not his wife,* under
the age of eighteen years, and every female person
who shall carnally know any male child under the age
of eighteen years, not her husband, shall be punished
as follows: . . .

The act must be with the consent of the female, and
in this respect it differs from all other kindred statutes.
The indictment follows the language of the statute, and
the instructions given by the court to the jury were to
the same effect. The amendment to the act, passed in
1922, concludes with these words: "This act shall in no
way affect sections 1152, 1154, 1158 or 1214, Kentucky
Statutes." Those sections relate to rape and similar
offenses, and in each case the detention or intercourse is
required to be against the consent of the female, and the
indictment must so charge, and the evidence, to sustain
a conviction, must support that averment. It will also
be noticed that under the statute quoted above, the inter-
course must be with a female, *not his wife.* It is the con-
tention of appellant that the Commonwealth did not
prove its case in either of the respects to which we have
called attention; that is to say, the act was *with her con-
sent* and that she *was not his wife.*

We have carefully read and re-read the transcript of evidence for the purpose of determining these questions. It is true that the prosecuting witness stated in her testimony more than once that the act was against her will and without her consent, but she also stated that while she did not want to consent to the act she finally did do so. With the evidence in this tangled condition it was for the jury to say whether the act was with or without her consent.

The Commonwealth propounded no question intended to elicit the answer and prove the fact that the witness was not the wife of appellant at the time of the act, but there are many facts and circumstances proven in the record which tend to establish the ultimate fact that they were not husband and wife. For instance, it is shown that her name is Hazel Peace, while appellant's name is Raleigh Mitchell. It was also shown she lived with her mother and brother at the time of the criminal intercourse, some distance from where appellant lived with his mother. From these facts we think the jury was authorized to conclude that appellant and the prosecuting witness were not husband and wife.

Appellant also complains that the words "willfully" and "unlawfully" were improperly and erroneously employed in the instructions by the court to the jury.

So far as relevant the instruction reads:

"Gentlemen of the jury: If you shall believe from the evidence in this case beyond a reasonable doubt that the defendant, Raleigh Mitchell, in this county and before the finding of this indictment herein, *willfully* and *unlawfully,* and carnally, knew the prosecuting witness, Hazel Peace, *with her consent,* and that she was at the time over the age of twelve years and under the age of sixteen, *and not his wife,* and that the defendant was a male person over the age of twenty-one, then you should find him guilty."

The statute in defining the crime does not employ the words "willfully" and "unlawfully," or either, and we are of opinion that the indictment need not have charged the act to have been "willfully and unlawfully" done. The court might have properly omitted the words "willfully and unlawfully" from the instructions, but the employment of these words in the instructions was not against the interest of appellant but rather to his advantage, for

the jury was required to believe the act was both "willful and unlawful" before a verdict of guilty could be returned, thus putting a greater burden upon the Commonwealth than the law authorized. If appellant had carnal knowledge of the witness, she being under sixteen years of age, and not his wife, though consenting thereto, he was guilty under the statute, a very harsh one. There is, therefore, no merit in this contention.

Judgment affirmed.